# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

**Case No. 22-cv-61578-BLOOM/Valle**

LATITE ROOFING AND SHEET METAL, LLC,
*formerly known as* LATITE ROOFING & SHEET
METAL COMPANY, INC.,

      Plaintiff,

v.

AMERICAN HOME ASSURANCE COMPANY,

      Defendant.
_____/

## ORDER OF DISMISSAL WITH LEAVE TO AMEND

**THIS CAUSE** is before the Court upon a review of Plaintiff's Complaint, ECF No. [1], filed on August 25, 2022.

A "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (footnote call numbers and citations omitted). This is because federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410.

District courts have diversity jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. "For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), 'all plaintiffs must be diverse from all

Case No. 22-cv-61578-BLOOM/Valle

defendants.'" *First Home Bank v. Net Zero LLC*, No. 3:20-cv-150-J-34MCR, 2020 WL 802518, at *2 (M.D. Fla. Feb. 18, 2020) (quoting *Univ. of S. Ala.*, 168 F.3d at 412)); *see also See Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1337 (11th Cir. 2002) (subject matter jurisdiction exists only where there is complete diversity; all plaintiffs must be diverse from all defendants), *abrogated on other grounds by Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71 (2006). "The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof." *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975).[1]

In the Complaint, Plaintiff alleges that the Court has original jurisdiction in this case pursuant to 28 U.S.C. § 1332(a). With respect to the citizenships of the parties, the Complaint alleges that Defendant is a New York Corporation with its principal place of business in New York, New York. ECF No. [1] ¶ 7. Plaintiff, a limited liability company ("LLC"), is alleged to have two members, Latite Holdings, LLC, and Jeffrey Burks. *Id.* ¶¶ 5-6. The Complaint further alleges that Latite Holdings, LLC is a Delaware LLC, and Burks is "a permanent resident of Florida." *Id.* ¶ 6. However, the Complaint contains no allegations with respect to the members of Latite Holdings, LLC, or their citizenships.

As the Eleventh Circuit has held on numerous occasions, "[f]or the purpose of determining diversity jurisdiction, a limited liability company is a citizen of any state of which a member of the company is a citizen." *Flintlock Constr. Servs. v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013). Thus, to sufficiently allege the citizenship of an LLC, "a party must list the citizenships of all the members of the limited liability company." *Mallory & Evans Contrs. &*

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981.

*Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011). As in this case, "it is common for an LLC to be a member of another LLC." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017). "Consequently, citizenship of LLCs often ends up looking like a factor tree that exponentially expands every time a member turns out to be another LLC, thereby restarting the process of identifying the members of that LLC." *Id*. Here, the Complaint fails to set forth the citizenships of the members of Latite Holdings, LLC, and therefore, the jurisdictional allegations with respect to Plaintiff are insufficient.

In addition, the allegations with respect to Burks are also insufficient, because to properly allege citizenship of an individual, "[r]esidence alone is not enough." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (citations omitted). "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction. . . . And domicile requires both residence in a state and 'an intention to remain there indefinitely[.]" *Id*. (quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)). The Complaint alleges that Burks is a "permanent resident of Florida," which is not sufficient to allege his citizenship. *See* ECF No. [1] ¶ 6.

If the party invoking the court's jurisdiction fails to adequately do so, as Plaintiff has here, it cannot satisfy its burden of establishing diversity of citizenship. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). The Complaint fails to properly allege the parties' complete diversity of citizenship, meaning that the Court lacks sufficient information to satisfy the jurisdictional inquiry. As a result, the allegations in the Complaint are insufficient to confer subject matter jurisdiction in this case under 28 U.S.C. § 1332(a).

Case No. 22-cv-61578-BLOOM/Valle

Accordingly, it is **ORDERED AND ADJUDGED** that the Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file an Amended Complaint that properly sets forth the basis for jurisdiction, **no later than September 1, 2022**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 25, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record